## Yankoski Estate

*Henry Thalenfeld*, for Commonwealth.
*Thomas E. Mack*, for administrator.

SELECKY, P. J., June 6, 1958.—This matter came before the court in the form of objections to the first and final account of Leonard Salasavage, administrator of the estate of Eva Yankoski, deceased, filed by the Attorney General's office of the Commonwealth of Pennsylvania, and the answer thereto and motion to dismiss filed by the administrator. The account showed that the entire estate consists of funds recovered from the Department of Revenue, Commonwealth of Pennsylvania, in the sum of $7,882.77, which had been paid to the Commonwealth as funds of Joseph Jenkoski, who died in 1939, and whose sole heir was Eva Yankoski, then a citizen of Lithuania, which was at war, as reference to Estate No. 918 of 1939 will more fully show.

The objections of the Attorney General's office were generally to the effect that claimant petitioned the Board of Finance and Revenue for the return of said funds, instead of petitioning the Orphans' Court of Luzerne County, under the so-called Iron Curtain Act of July 28, 1953, P. L. 674, 20 PS §1155, et seq., and under a similar section incorporated as section 737 of the Fiduciaries Act of April 18, 1949, P. L. 512, by amendment added February 23, 1956, P. L. (1955) 1084, sec. 6, 20 PS §320.737, and that decedent was a nonresident.

An examination of the files reveals that these funds were not paid to the Commonwealth under the so-called Iron Curtain Act. The original funds were in the estate of Joseph Jenkoski, who died in 1939. On December 8, 1941, this court, through Andrew Hourigan, then President Judge, ordered the balance for distribution in the estate of Joseph Jenkoski, then in the amount of $7,460.67, to be paid into court, inasmuch as the sole heir, Eva Yankoski, was then a resident of Lithuania, at that time under the jurisdiction

of Germany, as reference to Estate No. 918 of 1939 will more fully show.

Apparently no further action was taken until February 20, 1952, when this court, through Benjamin R. Jones, then President Judge, directed that these funds, then in the amount of $7,882.77, should be paid to the Commonwealth of Pennsylvania, as unclaimed funds in the hands of the clerk of the Orphans' Court of Luzerne County, without escheat, through the Department of Revenue, specifically subject to the provisions of the Act of June 7, 1915, P. L. 878, as amended by the Acts of April 9, 1929, P. L. 343, and May 16, 1935, P. L. 190. Leonard Salasavage, as administrator of the estate of Eva Yankoski, deceased, petitioned the Board of Finance and Revenue for a refund of these moneys, as being the property of Eva Yankoski, who was entitled to these funds, as the sole heir of Joseph Jenkoski. The Board of Finance and Revenue directed the refund of these moneys to Leonard Salasavage as administrator of the estate of Eva Yankoski.

These funds comprise the sole assets of the estate now before this court for audit. It was proper that these claims be made to the Department of Revenue under The Fiscal Code, which refund procedure is provided by the Act of April 9, 1929, P. L. 343, art. V, sec. 504, as amended, 72 PS §504. The Attorney General's office itself chose the procedure and the statute under which these funds were paid to the Commonwealth, in 1952, as funds unclaimed for more than seven years, which, incidentally, was prior to the enactment of the so-called Iron Curtain Act of 1953.

If the funds were paid into the State Treasury under section 737 of the Fiduciaries Act, as amended, then this court would have exclusive jurisdiction to determine whether these claimants were the proper persons to claim the refund thereof, because section

737 provides thus where funds are so paid "through the Department of Revenue into the State Treasury without escheat to be held for the benefit of such beneficiary. The court which directed payment to the State Treasury upon petition of the person entitled to such funds, and upon being satisfied that the petitioner will have the actual possession, benefit, use, enjoyment or control thereof, shall enter a decree directing the Board of Finance and Revenue to make repayment with interest at two per centum per annum from the date the money was paid into the State Treasury to the date of repayment", cited supra.

Hence, the objections of the Attorney General, to the effect that the funds were obtained through the Board of Finance and Revenue, without this court's consent, must be dismissed, since this court has such exclusive jurisdiction only where funds were paid into the State Treasury under the act just cited.

The distribution to the heirs of Eva Yankoski, after the payment of bills, will be awarded in a decree of award and adjudication to follow shortly.